IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Case No. 17-cr-00134-CMA-02

UNITED STATES OF AMERICA,

 Plaintiff,

v.

2. SPENCER ANTOINE,

 Defendants.

**ORDER DENYING DEFENDANT'S MOTION FOR A BILL OF PARTICULARS (Doc. # 558) AND DENYING DEFENDANT'S MOTION FOR THE EARLY PRODUCTION OF SPECIFIC JENCKS MATERIAL (Doc. # 559)**

  This matter is before the Court on Defendant Spencer Antoine's (1) Motion for a Bill of Particulars or in the Alternative to Dismiss the Indictment, and (2) Motion for the Early Production of Specific Jencks Material. (Doc. ## 558, 559.) For the following reasons, the Court denies both Motions.

### I. INDICTMENT

  The Indictment in this case charges Mr. Antoine with twenty-six total counts for his alleged role in a large drug conspiracy. He has been charged as follows:

- Count 1: Conspiracy to Distribute and Possess with Intent to Distribute 280 grams or more of cocaine base (crack), and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), (b)(1)(B)(II)(ii) and 846. Among other things, this Count includes the dates of the offense (on or about and between February 1, 2016 and March 29, 2017); the location (within the

State and District of Colorado and elsewhere); and the participants involved (all 22 Defendants).

- Count 3: Distribution and Possession with Intent to Distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii).  This Count also includes the date (February 18, 2016) and location (Colorado) of the offense.

- Count 5: Distribution and Possession with Intent to Distribute a Mixture and Substance containing a detectable amount of cocaine base (crack), and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2.  Again, this Count includes the date (March 18, 2016) and location (Colorado) of the offense.  It does not include a specific drug quantity.

- Counts 13, 14, 19, 21–23, 25, 28, 31, 33–36: Distribution and Possession with Intent to Distribute a Mixture and Substance containing a detectable amount of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).  Each of these Counts includes the date, location, and participants in the offense, but not the specific drug quantity involved.

- Counts 15–17, 24, 29, 32: Use of a communication device to commit a drug trafficking felony, in violation of 21 U.S.C. § 843(b).  Each of these Counts includes the date, location, and participants in the offense, but not the specific drug quantity involved.

- Counts 18, 26, 27, 30: Distribution and Possession with Intent to Distribute a Mixture and Substance containing a detectable amount of cocaine, in

violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Again, each of these Counts includes the date, location, and participants in the offense, but not the specific drug quantity involved.

## II. LEGAL STANDARD

An indictment is held only to minimal constitutional standards, and the sufficiency of an indictment is judged "by practical rather than technical considerations." *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir.1997). "An indictment is sufficient 'if it contains the elements of the offense charged, putting the defendant on fair notice of the charge against which he must defend and if it enables a defendant to assert an acquittal or conviction in order to prevent being placed in jeopardy twice for the same offense.'" *United States v. Poole*, 929 F.2d 1476, 1479 (10th Cir. 1991) (quoting *United States v. Staggs*, 881 F.2d 1527, 1530 (10th Cir. 1989), cert. denied, 493 U.S. 1020 (1990)). In the Tenth Circuit, it is usually enough for the indictment to track the statute when the statute adequately expresses all of the elements to the offense. *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir.1988).

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir.) (quotation omitted), cert. denied, 519 U.S. 901 (1996). It serves to minimize the defendant's surprise to the substantive facts of the charges, not the evidentiary basis of the charge. *See Wong Tai v. United States*, 273 U.S. 77 (1927); *United States v. Hopkins*, 716 F.2d 739, 745 (10th Cir. 1982). "Unless the request for the bill of particulars shows, on its face, that failure to grant the request would result in prejudicial surprise, the preclusion of an opportunity for meaningful

defense preparation, [or double jeopardy problems,] defendant has the burden of showing [by brief, affidavit or otherwise] that his or her request meets one of the three criteria." *United States v. Anderson*, 31 F.Supp.2d 933, 938 (D.Kan. 1998) (citing *United States v. Wright*, 826 F.2d 938, 943 (10th Cir.1987) (alterations in original). The district court has broad discretion in deciding a motion for bill of particulars. *United States v. Edmonson*, 962 F.2d 1535, 1541 (10th Cir.1992).

In exercising its discretion, the trial court must remain mindful of the parameters placed on a bill of particulars. Though it may provide more information, a bill of particulars is not intended to serve as a discovery device or to compel the government's disclosure of the factual proof planned for trial. *Dunn*, 841 F.2d at 1029. A defendant is not entitled to notice of "all the evidence the government intends to produce, but only the theory of the government's case." *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992). Nor is it a way to require the government's explanation of the legal theories expected at trial. *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983). Evidentiary detail is not a proper request for a bill of particulars. *United States v. Barbieri*, 614 F.2d 715, 719 (10th Cir. 1980). A bill of particulars is not required where the information necessary for one's defense can be obtained through some other satisfactory form. *See United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir. 1995).

### III. MR. ANTOINE'S REQUESTS FOR PARTICULARITY

Mr. Antoine's requests for a bill of particulars can be grouped into three categories. Specifically, he moves for a bill of particulars identifying:

A. material information related to the charged conspiracy in Count One, including all facts that demonstrate an agreement between he and others;

B. material information related to the charged non-conspiracy counts (3, 5, 13–19, and 21–36), including all facts that demonstrate his involvement and the specific drug quantities associated with each of the counts; and

C. specific information pertaining to the aiding and abetting charges and demonstrating how the principals of accomplice liability are also charged with principal liability on the same date, and in the same transaction.

(Doc. # 558 at 2–3.)  The Court addresses each request in turn.

### A. COUNT ONE

With respect to Count One, the Court finds that the indictment clearly sets forth the essential elements of the conspiracy offense charged and provides Mr. Antoine with sufficient notice of the charges against which he must defend.  The indictment specifies the beginning and concluding dates of the alleged conspiracy, defines the nature of the conspiracy, states the agreement of the conspirators, describes the location of the conspiracy, names the co-conspirators, and identifies the specific controlled substance involved.

Mr. Antoine nonetheless requests that the Government provide additional facts underlying the "purported agreement" and the specific nature of the overt acts that he is alleged to have committed.  Such requests are improper.  Indeed, an indictment for conspiracy to distribute and possess with the intent to distribute controlled substances "need not go further and allege 'in detail the factual proof that will be relied upon support the charges.'" *Dunn*, 841 F.2d at 1029 (quoting *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir.1978), cert. denied, 439 U.S. 1069 (1979)). The omission of overt acts is not a deficiency, for "a conspiracy indictment under 21 U.S.C. § 846 need not allege any

specific overt acts in furtherance of a conspiracy." *United States v. Brown*, 934 F.2d 886, 889 (7th Cir. 1991).

To the extent Mr. Antoine is also requesting more specificity with respect to the "arbitrary" drug amounts which, according to him, "make no sense," that request is also improper. Indeed, it is merely a challenge to the Government's evidence and a request for disclosure of their evidentiary material, which constitute improper discovery requests. *United States v. Welch*, 198 F.R.D. 545, 550 (D.Utah 2001).

This is not to say that the Court is without discretion to order the disclosure of this information if necessary to avoid unfair prejudice or surprise. *See United States v. Anderson*, 31 F.Supp.2d at 938. But the Court does not find disclosure to be necessary in this case. To begin, it is not necessary for a conviction that a conspirator to know "the full extent of the conspiracy [as long as he has] a general awareness of both the scope and the objective of the enterprise.'" *United States v. Eads*, 191 F.3d 1206, 1210 (10th Cir. 1999). Nor does the Government have to establish an express agreement by the conspirators. *United States v. Morehead*, 959 F.2d 1489, 1500 (10th Cir. 1992).

Moreover, and more importantly, Mr. Antoine acknowledges that the Government has provided him voluminous discovery in this case. According to the Government, that discovery includes grand jury transcripts, affidavits for seventeen wiretaps, which detail precise dates and participants in the calls, "as well as a summary of the nature of the call and law enforcement's interpretation of the call, attempted and successful controlled purchases, observations made by surveillance officers, and information provided by cooperating sources." (Doc. # 24 at 10.) Pursuant to well-established Tenth Circuit law, once the Government provides "complete discovery containing sufficient information to

allow [the defendant] to prepare [his] defense," it thereby provides him with "the tools necessary to anticipate and forestall any surprise that might have resulted from the indictment." *United States v. Ivy*, 83 F.3d 1266, 1282 (10th Cir. 1996). It is thereafter defendant's "responsibility to use [those tools] in preparing [his] defense, regardless of whether the discovery [is] copious and the preparation of the defense [is] difficult." *Id; United States v. Serrano-Serrano*, No. 2:16-CR-56-RJS-PMW, 2016 WL 7217632, at *2 (D. Utah Dec. 13, 2016)

The Court is accordingly satisfied that the information contained in Count One of the Indictment meets the minimal due process standards such that no bill of particulars is warranted.

### B. NON-CONSPIRACY COUNTS

With respect to the non-conspiracy counts (3, 5, 13–19, 21–36), the Court also finds that the Indictment clearly sets forth the essential elements of the offenses charged and provides Mr. Antoine with sufficient notice of the charges against which he must defend. Each count specifies the date of the offense, the nature of the offense, the location of the offense, the participants, and the type of controlled substance involved. For the same reasons set forth above, the Court declines to entertain Mr. Antoine's guised requests for Government "to disclose evidentiary details or explain the legal theories upon which it intends to rely at trial." *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983) (explaining how such requests are improper).

Nonetheless, Mr. Antoine's additionally argues that the failure of the non-conspiracy counts to specify the quantity of drug involved is fatal to the Indictment and only curable by a bill of particulars or dismissal. He states that *Apprendi v. New Jersey*,

530 U.S. 466, 564 (2000), mandates that Government "must" include such quantities in the Indictment. *Apprendi*, however, does not stand for that proposition. Instead, *Apprendi* provides that the specific drug quantity must be charged in an indictment only if it is going to increase the penalty for the crime, and thereby becomes an element of the offense. *United States v. Jones*, 235 F.3d 1231, 1236 (10th Cir. 2000) (quoting *Apprendi*, 120 S.Ct. at 2355); *see id* ("We conclude the quantity of drugs involved in a violation of § 841 is an essential element of the offense if that fact exposes the defendant to a heightened maximum sentence under § 841(b)(1)(A) or (B).").

Here, the Government acknowledges that, because they have not specified the precise quantity of drugs in the challenged Counts, Mr. Antoine does not face a mandatory minimum sentence or a heightened maximum penalty. As such, the drug quantity is not an essential element of the charged offenses in this case and need not be specifically plead in the Indictment. *See Jones*, 235 F.3d at 1236 ("A district court may not impose a sentence in excess of the maximum set forth in 21 U.S.C. § 841(b)(1)(C) unless the benchmark quantity of [drug] for an enhanced penalty is alleged in the indictment in addition to being submitted to the jury and proven beyond a reasonable doubt.").

Contrary to Mr. Antoine's contentions, the information contained in non-conspiracy Counts (3, 5, 13–19, 21–26) pass constitutional muster and no bill of particulars is warranted.

### C. AIDING AND ABETTING COUNTS

Finally, the Court rejects Mr. Antoine's request for a bill of particulars detailing "who was the purported accessory versus the principle" in Counts Five and Thirty-One. (Doc. # 558 at 15–16.)

"It is well established that aiding and abetting is not an independent crime under 18 U.S.C. § 2; it simply abolishes the common-law distinction between principal and accessory." *United States v. Scroger*, 98 F.3d 1256, 1262 (10th Cir.1997) (citing *United States v. Langston*, 970 F.2d 692, 705 (10th Cir. 1992)). Logic dictates, therefore, that the Government need not distinguish between who is the accessory and who is the principle in the Indictment. Indeed, at trial, a defendant can be convicted as an "aider and abettor" even when he is indicted only as a principal, provided that the commission of the underlying offense is also proven. *See id.* (quoting *United States v. Smith*, 838 F.2d 436, 441 (10th Cir.1988)).

Thus, a bill of particulars further specifying the Government's legal theory on the aiding and abetting Counts is not necessary to guard against surprise or Double Jeopardy, or to enable Mr. Antoine to adequately prepare for trial. The Court therefore denies the request.

### IV. MR. ANTOINE'S REQUEST FOR DISMISSAL

Mr. Antoine alternatively moves for dismissal, stating "if the Government does [not] provide the requested particularity, Mr. Antoine moves to dismiss the Indictment pursuant to the Fifth and Sixth Amendments to the United States [C]onstitution and Rule 12(b) of the Federal Rules of Criminal Procedure." (Doc. # 558 at 2.)

Other than to argue that it lacks the required detail, Mr. Antoine provides this Court with no reason to dismiss the Indictment under Rule 12(b) or the United States Constitution. Because this Court has already concluded that the Indictment is sufficiently specific and properly tracks the statutory language of each charge and the supporting elements, the Court likewise denies Mr. Antoine's request for dismissal.

### V. MR. ANTOINE'S REQUEST FOR THE EARLY PRODUCTION OF JENCKS ACT MATERIAL

Last, the Court addresses Mr. Antoine's request for the early production of Jencks Act material, wherein he asks for "materials related to the amount of drugs involved in each count of the Indictment." The Court denies this request.

The Parties have already agreed upon a specific deadline for the Government's production of Jencks Act material and the Court declines to change that deadline. Specifically, on November 21, 2017, the Parties submitted a "Joint Proposed Scheduling Order" to this Court, wherein the Parties agreed to the deadline of May 16, 2018, for the "Initial government disclosure of Jencks material with additional Jencks material to follow due to trial preparation by the government, with rolling Jencks production." (Doc. # 446 at 3.) The Parties also agreed to a trial start date of June 18, 2018. (Id. at 4.) On December 5, 2017, the Court accepted those proposed dates and issued the final Proposed Scheduling Order in this case. (Doc. # 462.)

Mr. Antoine now contends that the disclosure of drug quantity information one month before trial does not "furnish [him] him with sufficient time to examine and utilize this material in a meaningful manner before and during trial." (Doc. # 559 at 3.) It is unclear to this Court why Defendant Antoine agreed to the May 16, 2018 disclosure date and the June 18, 2018 trial date if he did not, in fact, concur in those dates.

Indeed, his request appears to be nothing more than an attempt at obtaining a bill of particulars, which, as this Court has already concluded, is not warranted in this case.

Accordingly, the Court declines to carve out an exception to the Scheduling Order and denies Mr. Antoine's request that it do so.

## VI. CONCLUSION

Pursuant to the foregoing analysis, the Court DENIES Defendant Spencer Antoine's (1) Motion for a Bill of Particulars or in the Alternative to Dismiss the Indictment (Doc. # 558), and (2) Motion for the Early Production of Specific Jencks Material. (Doc. # 559.)

DATED: January 14, 2018  BY THE COURT:

*Christine M. Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge