**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 19-cv-01517-CMA
Criminal Action No. 17-cr-00134-CMA-2

UNTIED STATES OF AMERICA,

    Plaintiff/ Respondent,

v.

SPENCER ANTOINE,

    Defendant/ Movant.

---

**AMENDED[1] ORDER DENYING PLAINTIFF'S MOTION TO VACATE SENTENCE**

---

This matter is before the Court on Defendant Spencer Antoine's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docs. # 1224); the accompanying Memorandum in Support (Doc. # 1224-1); and the Motion for Respondent of 28 U.S.C. § 2255 (Doc. # 1352). The Motions are denied for the following reasons.

**I.      BACKGROUND**

Mr. Antoine was charged with twenty-two felony drug-trafficking offenses. (Doc. # 922). He was appointed counsel, and he ultimately pled guilty to Count One, Conspiracy to Distribute and Possess with Intent to Distribute One or More of the Following Controlled Substances: 280 Grams or More of Cocaine Base and 500 Grams or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(II)(ii), and 846. (Doc. # 957). In

---

[1] This Order amends the Court's order of May 26, 2022 as follows:
- Adds Section III.D., discussing certificates of appealability; and
- Modifies Section IV to indicate that a certificate of appealability will not be issued.

exchange for Mr. Antoine's guilty plea, the Government dismissed the remaining twenty-one counts and recommended a reduced sentence. (Doc. # 957, ¶ 2). Mr. Antoine was convicted and sentenced to 120 months in prison – the statutory minimum for his offense. (Doc. # 1164; Doc. # 1227, p. 31).

Mr. Antoine now contends that his sentence should be vacated. (Docs. ## 1224, 1224-1). He asserts eight bases for overturning his sentence:

(1) "The denial of the right to appeal" (Doc. # 1224-1, p. 3);

(2) "Ineffective assistance of counsel" (Doc. # 1224-1, p. 8);

(3) "Breach of right to appeal" (Doc. # 1224-1, p. 14);

(4) "Plea agreement is in-consistent [sic] with statement of understanding prior to plea of guilty" (Doc. # 1224-1, p. 16);

(5) "Plea agreement explains Mr. Antoine [sic] understanding of less than 280 grams" (Doc. # 1224-1, p. 17);

(6) "Criminal history should be I" (Doc. # 1224-1, p. 21);

(7) "Plea hearing transcript establishes understanding of less than 280 grams" (Doc. # 1224-1, p. 25);

(8) "No established drug amount in sentencing transcript" (Doc. # 1224-1, p. 28).

Having reviewed Mr. Antoine's Motion, the Response and Reply thereto, and the relevant exhibits, the Court determines that Mr. Antoine has failed to establish any basis to vacate or correct his sentence. The Court therefore denies Mr. Antoine's Motion.

## II. STANDARD OF REVIEW

### A. STANDARD OF REVIEW FOR § 2255 MOTIONS

Under 28 U.S.C. § 2255, a prisoner in federal custody may challenge his sentence on the basis that "the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The reviewing court must set aside the conviction if it determines that the sentence is unconstitutional or unlawful. 28 U.S.C. § 2255(b). However, if the motion and other documents before the court "conclusively show that [the d]efendant is not entitled to relief," the court may deny the motion without an evidentiary hearing. *United States v. Bernhardt*, No. 96-CR-203-WJM, 2020 WL 2084875, at *1 (D. Colo. Apr. 30, 2020); *see also See Hedman v. United States*, 527 F.2d 20, 21 (10th Cir. 1975).

### B. PRO SE STANDARD OF REVIEW

Because Defendant is proceeding *pro se*, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the Court is "not required to fashion [a d]efendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "It is [not] the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall*, 935 F.2d at 1110.

### III. DISCUSSION

### A. COLLATERAL ATTACK WAIVER

As an initial matter, some of Mr. Antoine's arguments are barred by the collateral attack waiver in his plea agreement. The plea agreement states, in relevant part: "The defendant . . . knowingly and voluntarily waives the right to challenge his prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255)" except "on any of the following grounds: (1) . . . an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct."[2] (Doc. # 957, p. 3, ¶ 7). Mr. Antoine cites no retroactive change in the sentencing statue, and no prosecutorial misconduct. Therefore, Mr. Antoine's Motion is barred except to the extent it asserts that he received ineffective assistance of counsel.

Although Mr. Antoine's Motion frames only one of his arguments as asserting ineffective assistance of counsel, allegations of ineffectiveness are sprinkled throughout his Motion. Many of these allegations are conclusory and unsupported; however, given Mr. Antoine's pro-se status, the Court has construed the Motion liberally in an effort to give maximum effect to his arguments. The Court finds that, liberally construed, the non-conclusory allegations in Mr. Antoine's Motion point to three alleged instances of ineffective assistance of counsel: (1) failure to file an appeal when directed to do so by

---

[2] Mr. Antoine does not dispute the validity of the collateral attack waiver, so the waiver will be enforced as written. *See United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir.2001) ("[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made.").

Mr. Antoine; (2) allowing Mr. Antoine to plead guilty to an offense involving more than 280 grams of cocaine base, even though Antoine disputed possessing that much; and (3) threatening Mr. Antoine with a 20 to 40 year sentence if he did not plead guilty. (Doc. # 1224-1, pp. 3-13, Doc. # 1233, pp. 1-17). The Court will address each argument in turn.

**B.      INEFFECTIVE ASSISTANCE OF COUNSEL**

A defendant claiming to have received ineffective assistance of counsel must show that (1) his attorney's performance was deficient; and (2) the attorney's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To establish deficient performance, the defendant must show that his attorney's representation "fell below an objective standard of reasonableness" under "prevailing professional norms." *Id*. at 687-88. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. To establish prejudice, the defendant must show that there is a reasonable probability that, absent the errors, "the result of the proceeding would have been different." *Id*. at 694. "[T]o satisfy the 'prejudice' requirement" in a case where the defendant pleaded guilty, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

    1.      Failure to File Appeal

Mr. Antoine first argues that his "trial counsel failed to file his direct appeal as requested" which denied him "effective assistance of counsel during the period for filing his direct appeal notice." (Doc. # 1233, p. 2, Doc. # 1224-1, p. 8). This argument fails.

Mr. Antoine waived his right to an appeal when he pled guilty. The plea agreement expressly states that, by pleading guilty, Mr. Antoine was waiving the right to appeal his conviction or sentence, with three narrow exceptions:

> the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 31; or (3) the government appeals the sentence imposed.
>
> (Doc. # 957, ¶ 6).

Mr. Antoine does not allege that any of these exceptions apply. Therefore, Mr. Antoine was not entitled to file an appeal, and it was not error for his attorney to decline to file one.

Mr. Antoine argues, however, that he did not knowingly wave his right to appeal: "it was Mr. Antoine's full understanding that he has the right to appeal his conviction and sentence to the appellate court." (Doc. # 1224-1, p. 3). This argument is belied by the record.

At the change-of-plea hearing, the Court advised Mr. Antoine that, by pleading guilty, he was giving up his right to appeal except in the narrow circumstances set forth in his plea agreement:

> THE COURT: Do you understand that by entering into this particular plea agreement, you are giving up your right to appeal or otherwise challenge your prosecution, conviction, and sentence under the circumstances that are set forth in your plea agreement?
>
> THE DEFENDANT: Yes, Your Honor.
>
> (Doc. # 1226, p. 15)

6

Mr. Antoine then stated that he understood the rights he was waiving and that he did not require further explanation from his attorney:

> THE COURT: Do you need any more time to talk to Mr. Ridley about these rights or your waiver of these rights?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT: Do you give up these rights?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Mr. Ridley, are you satisfied that each of these waivers by your client is knowingly, voluntarily, and intelligently made?
>
> MR. RIDLEY: Yes, Your Honor.
>
> THE COURT: Do you concur in each of the waivers?
>
> MR. RIDLEY: I do.
>
> (Doc. # 1226, p. 16).

These in-court admissions undermine Mr. Antoine's claims of lack of understanding. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed. 2d 136 (1977). Based on these admissions and the record as a whole, the Court finds that Mr. Antoine's appeal waiver was knowing and voluntary, and that such waiver bars his first claim of ineffective assistance of counsel.

2.  Amount of crack cocaine

Mr. Antoine next claims that his attorney erroneously allowed him to plead guilty to an offense involving 280 grams or more of cocaine base (crack cocaine), when "all parties have agreed that 280 grams or less is what Mr. Antoine's responsibility is in relation to crack cocaine." (Doc. # 1224-1, pp. 12-13) (emphasis added)). This argument also fails.

Mr. Antoine pled guilty to a conspiracy charge that involved 280 grams or more of crack cocaine. (Doc. # 957). When he entered this plea, however, Mr. Antoine's lawyer reserved the right to argue, for sentencing purposes, that Antoine's participation in the conspiracy in fact involved less than 280 grams. (Doc. # 957, ¶ 4). Mr. Antoine's attorney made this argument in his Objection to the Pre-Sentence Investigation Report, (Doc. # 1113), but the court overruled the objection based on evidence provided by the Government to support the charge (Doc. # 1227, pp. 10-11). This, to put it simply, is not deficient performance: Mr. Antoine's attorney raised the issue and argued it competently, but the Court rejected counsel's argument based on persuasive evidence provided by the Government. The Court finds that this conduct did not fall "below an objective standard of reasonableness" under "prevailing professional norms," and it therefore does not constitute ineffective assistance of counsel. *Strickland*, 466 U.S. at 687-88.

Mr. Antoine argues, however, that he believed he was pleading guilty to a conspiracy involving less than 280 grams of cocaine base, and that his attorney failed to advise him that he was in fact pleading to a conspiracy involving a greater amount of cocaine. This argument is unpersuasive. Mr. Antoine was repeatedly advised, both in

court and in writing, that he was pleading guilty to an offense involving 280 grams or more.  Mr. Antoine's signed plea agreement states:

> The defendant agrees to plead guilty to Count One of the Indictment charging a violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(iii), (b)(1)(B)(II)(ii) and 846, Conspiracy to Distribute and Posses with the Intent to Distribute One or More of the Following Controlled Substances: 280 Grams or More of Cocaine Base and 500 Grams or More of Cocaine, both Schedule II controlled substances.
>
> (Doc. # 957, ¶ 1).

Then, at Mr. Antoine's Change-of-Plea hearing, he again acknowledged he was pleading guilty to an amount of 280 grams or more of cocaine base:

> [THE COURT:] Ms. Rangel, would you please re-arraign Mr. Antoine.
>
> MS. RANGEL: Yes, Your Honor. Sir, are you the Spencer Antoine that is named in the Indictment in this case?
>
> THE DEFENDANT: Yes, I am.
>
> MS. RANGEL: As to Count 1 of that Indictment, charging you with a violation of Title 21 United States Code Sections 841(a)(1), (b)(1)(A)(iii), (b)(1)(B)(II)(ii), and 846; conspiracy to distribute and possess with intent to distribute one or more of the following controlled substances: 280 grams or more of cocaine base and 500 grams or more of cocaine, both Schedule II controlled substances, how do you plead, guilty or not guilty?
>
> THE DEFENDANT: Guilty.
>
> (Doc. # 1228, pp. 27-28)

Although the Court can sometimes reexamine a defendant's in-court statements, it is the defendant's burden to present "a valid reason justifying a departure from the

apparent truth" of the prior statements. *Hedman v. United States*, 527 F.2d 20, 22 (10th Cir.1975). Mr. Antoine has failed to provide such a reason.

Mr. Antoine next argues that there is a discrepancy between his plea agreement (Doc. # 957) and his Statement in Advance of Guilty Plea (Doc. # 958). Specifically, the plea agreement preserved Mr. Antoine's right to appeal any sentence that "exceeds the advisory guideline range that applies to a total offense level of 31," (Doc. # 957, ¶ 6 (emphasis added)); the Statement in Advance, by contrast, states that Mr. Antoine reserved the right to appeal a sentence that "exceeds the advisory guideline range that applies to a total offense level of 16." (Doc. # 958, ¶ 15(b) (emphasis added)). According to Mr. Antoine, this discrepancy shows that he believed he was pleading guilty to a lesser offense. The Court is not persuaded.

Despite this minor discrepancy, both the plea agreement and the Statement in Advance are clear that Mr. Antoine was pleading guilty to an offense involving more than 280 grams of cocaine base. Both documents expressly state that Mr. Antoine was pleading guilty to "Conspiracy to Distribute and Possess with the Intent to Distribute One or More of the Following Controlled Substances: 280 Grams or More of Cocaine Base and 500 Grams or More of Cocaine, both Schedule II controlled substances." (Doc. # 957, ¶ 1; Doc. # 958, ¶ 3). Both documents also advised Mr. Antoine that his offenses carried a penalty of "not less than 10 years" imprisonment. (Doc. # 957, ¶ 11; Doc. # 958, ¶ 3(a)). In light of these advisements and the in-person advisements provided by the Court, the Court concludes that the discrepancy between the plea agreement and the Statement in Advance was not material, and Mr. Antoine was properly advised about his possible sentence and the scope of his appellate waiver.

Further, when Mr. Antoine signed the plea agreement, he acknowledged that that agreement – not the Statement in Advance – was the controlling document:

> This document and any supplement, states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying on any terms, promises, conditions or assurances not expressly stated in this agreement.

(Doc. # 957, ¶ 28).

This acknowledgment undermines Mr. Antoine's claim that he was not adequately advised of the elements of the offense to which he was pleading guilty. Therefore, the Court will not vacate Mr. Antoine's conviction on that basis.

3. <u>Threats Made by Counsel</u>

Finally, Mr. Antoine claims that his attorney was ineffective because he threatened Mr. Antoine with a sentence of "20 to 40 years [in prison] if he did not plead guilty." This argument is without merit. (Doc # 1224-1, pp. 12-13).

As an initial matter, what Mr. Antoine now describes as a threat appears, in fact, to be sound legal advice. Antoine was charged with twenty-two separate federal offenses. According to the penalty sheets filed with the superseding indictment (Doc. ## 922-1 to -3), the combined maximum penalties for the crimes charged totaled well over 100 years in prison. If Mr. Antoine had pleaded not guilty, he would have faced a trial on all charges – not merely the conspiracy charge to which he pleaded guilty. Thus, Mr. Antoine faced a substantial risk of a much more severe prison sentence than he ultimately received, and it was his attorney's responsibility to advise him of such risk. The fact that he did so does not render him "ineffective"; to the contrary – this advice

gave Mr. Antoine the information he needed to weigh the risks and benefits of proceeding to trial.

Further, Mr. Antoine's signed Statement in Advance of Plea of Guilty belies his claim of a plea made under duress:

> 22. Other than the promises of the government set out in the document entitled "Plea Agreement," no promises and no threats of any sort have been made to me by anyone to induce me or to persuade me to enter my plea(s) in this case.
>
> (Doc. # 958, ¶ 22)

Additionally, Mr. Antoine's claim that "he wanted to advise the Court of the threat by his attorney, that the government was going to seek a 20-to-40-year sentence if he did not plead guilty" is further refuted by his Statement in Advance of Plea which states "[n]o agreements have been reached and no representations have been made to me as to what the sentence in this case will be, except those which are explicitly detailed in the document entitled 'Plea Agreement' which I and the government have signed." (Doc. # 1233, p. 11, Doc. # 958, ¶ 16). Mr. Antoine further assured the Court, at his Change-of-Plea hearing, that no such threats occurred:

> THE COURT: Has anyone, including your attorney, made any promises, representations, or guarantees of any kind to you about the sentence this Court would impose in order to persuade you to plead guilty?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT: Has anyone forced you to plead guilty?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT: Has anyone attempted in any way to threaten you, your family, or anyone close to you in order to force you to plead guilty?

12

>THE DEFENDANT: No, Your Honor.
>
>(Doc. # 1228, p. 22-23)

Mr. Antoine has failed to provide any valid basis why the Court should disregard his in-court statements in favor of the arguments raised in this Motion. Therefore, the Court finds no merit the argument that Mr. Antoine was coerced by his attorney to accept this plea.

    4.    <u>Remaining claims of ineffective assistance</u>

To the extent Mr. Antoine's Motion could be construed as making additional claims of his counsel's ineffectiveness, the Court rejects these claims. Mr. Antoine cites no evidence to suggest that he was dissatisfied, prior to being sentenced, with his counsel's performance in the negotiation of and execution of his plea agreement. At his Change-of-Plea hearing, Mr. Antoine was afforded the opportunity to raise concerns about his attorney's conduct; he raised none:

>[THE COURT:] Mr. Antoine, have you discussed the charges in the Indictment with Mr. Ridley?
>
>THE DEFENDANT: Yes, Your Honor, I did.
>
>THE COURT: And has he and Ms. Frost answered all of your questions to those charges to your satisfaction?
>
>THE DEFENDANT: Yes, Your Honor.
>
>THE COURT: Do you understand what you are charged with?
>
>THE DEFENDANT: Yes.
>
>(Doc. # 1228, p. 7).

Mr. Antoine reaffirmed his satisfaction with his attorney's performance in his Statement in Advance of Plea of Guilty:

> 24. I have had sufficient opportunity to discuss this case and my intended plea(s) of guilty with my attorney. I do not wish to consult with my attorney any further before I enter my plea(s) of guilty.
>
> 25. I am satisfied with my attorney. I believe that I have been represented effectively and competently in this case.
>
> (Doc. # 958, ¶ ¶ 24-25).

Mr. Antoine's after-the-fact allegations concerning the effectiveness of counsel are ultimately unpersuasive in this matter, given the many opportunities Mr. Antoine had to raise these concerns on the record before sentencing. *Blackledge*, 431 U.S. at 74 ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

## C.   MOTION FOR STATUS UPDATE

Mr. Antoine has also filed a pleading titled Motion for Respondent of 28 U.S.C. § 2255 (Doc. # 1352). The Court construes this Motion as a request for a status update. In light of the foregoing, the Court finds that a status update is unnecessary, and the Motion is therefore denied as moot.

## D.   CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. §

2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court will not issue a certificate of appealability in this case because Defendant has not made a substantial showing of the denial of a constitutional right.

## IV. CONCLUSION

For the foregoing reasons, Defendant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. # 1224) is DENIED. It is

FURTHER ORDERED that Defendant's Motion for Respondent of 28 U.S.C. § 2255 (Doc. # 1352) is DENIED AS MOOT. It is

FURTHER ORDERED that no certificate of appealability will issue because Defendant has not made a substantial showing of the denial of a constitutional right.

The Clerk is directed to close this case.

DATED:  June 16, 2022

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge